MEMORANDUM **
Pedro Alegria-Gonzalez appeals from the 41-month sentence imposed following his guilty-plea conviction for unlawful reentry by a deported, removed, and/or *96 excluded alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Alegria-Gonzalez contends that the district court procedurally erred in fashioning his sentence by failing to meaningfully consider his arguments and the factors listed in 18 U.S.C. § 3553(a). We conclude that the district court did not procedurally err. See United States v. Carty, 520 F.3d 984, 995 (9th Cir.2008) (en banc).
Alegria-Gonzalez also contends based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that Almendarez-Torres v. U.S., 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law and that the judicial factfinding used to increase his sentence pursuant to 8 U.S.C. § 1326(b) violated the Fifth and Sixth Amendments. These contentions are foreclosed. See United States v. Becerril-Lopez, 541 F.3d 881, 893 (9th Cir.2008).
Finally, Alegria-Gonzalez contends that the fact of his prior qualifying conviction and the fact of his prior removal were not alleged in the indictment. We conclude that any error was harmless. See United States v. Calderon-Segura, 512 F.3d 1104, 1111 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.